IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALBERT F. BRUNDIDGE,                     6:12-CV-00979-BR

            Plaintiff,                   OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

            Defendant.


JOHN E. HAAPALA
410 E. 10th Ave., Ste. 240
Eugene, OR 97401

            Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2240

          Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Albert F. Brundidge seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

<u>**ADMINISTRATIVE HISTORY**</u>

     Plaintiff protectively filed his application for SSI on March 24, 2009, and alleged a disability onset date of

2 - OPINION AND ORDER

February 14, 2009.  Tr. 13.[2]  The application was denied initially and on reconsideration.  Tr. 72.  An Administrative Law Judge (ALJ) held a hearing on December 15, 2010.  Tr. 27-69.  At the hearing Plaintiff was represented by an attorney.  *Id.* Plaintiff, Plaintiff's wife, and a vocational expert (VE) testified at the hearing.  *Id.*

The ALJ issued a decision on January 3, 2011, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 10-26.  The Appeals Council denied Plaintiff's subsequent request for review, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-6.

## BACKGROUND

Plaintiff was born on February 13, 1959, and was fifty years old at the time of the hearing.  Tr. 168.  Plaintiff speaks English and received his GED from Blue Mountain Community College.  Tr. 21, 33.  Plaintiff has past relevant work experience as an assembly-line worker, a manufacturing building transporter, a gas-station attendant, and a grounds-maintenance person.  Tr. 21, 120.

Plaintiff alleges disability due to degenerative disc disease, bipolar disorder, manic depression, and muscle spasms in

---

[2]  Citations to the official transcript of record filed by the Commissioner on November 26, 2012, are referred to as "Tr."

his back.  Tr. 122.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-21.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his application date of March 24, 2009.  Tr. 15.

At Step Two the ALJ found Plaintiff has the following severe

7 - OPINION AND ORDER

impairments:  degenerative disc disease with cord impingement, degenerative joint disease, left hip bursitis, drug and alcohol abuse, and antisocial personality disorder. *Id*.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under §§ 416.920(d), 416.925, and 416.926 of 20 C.F.R. part 404, subpart P, appendix 1.  *Id*.  The ALJ found Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:  Plaintiff is limited to occasional pushing, pulling, climbing ramps and stairs, balancing, stooping, kneeling, crouching, crawling, and overhead reaching; restricted from climbing ropes or ladders; and restricted from sustained interaction with coworkers or the public.  Tr. 16-17.

At Step Four the ALJ concluded Plaintiff is incapable of performing his past relevant work.  Tr. 21.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including storage-facility rental clerk, marker, and mold machine attendant.  Tr. 21-22.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 22.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's subjective symptom testimony; (2) improperly

rejected the opinion of Victoria Bassingthwaite, PAC;

(3) improperly rejected the lay testimony of Tonita Brundidge;

and (4) failed to find that Plaintiff meets Listing 1.04.

Plaintiff alleges the ALJ conducted an improper RFC assessment

because of these errors.[3]

## I.   The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.

Plaintiff alleges the ALJ erred by failing to give clear and

convincing reasons for rejecting Plaintiff's testimony.   In

*Cotton v. Bowen* the Ninth Circuit established two requirements

for a claimant to present credible symptom testimony:   The

claimant must produce objective medical evidence of an impairment

or impairments, and he must show the impairment or combination of

impairments could reasonably be expected to produce some degree

of symptom.   *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).   The

claimant, however, need not produce objective medical evidence of

the actual symptoms or their severity.   *Smolen v. Chater,* 80 F.3d

1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not

any affirmative evidence of malingering, the ALJ can reject the

---

[3] In his Opening Brief Plaintiff also challenges the ALJ's
finding that his bipolar disorder was not a severe impairment as
well as the ALJ's rejection of testimony by Dr. Eleanor Zawada.
In his Reply Brief, however, Plaintiff concedes substantial
evidence supports the ALJ's finding with respect to his bipolar
disorder and that any error in rejecting Dr. Zawada's testimony
was harmless.

claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified at the hearing that he is unable to work primarily due to his spine impairments. Tr. 40. He reported difficulty in standing, sitting, and walking for any length of time due to pain. Tr. 152, 231. Plaintiff also testified he has a weak grip, has difficulty lifting a gallon of milk, and is sometimes afraid to hold a cup of coffee for fear of dropping it. Tr. 50-51, 215. Plaintiff stated+ his sleep is impacted by pain and convulsive tremors, he has upper extremity weakness, and he finds it difficult to drive due to spasms that began in approximately 2005. Tr. 17, 148, 231, 277.

The ALJ considered Plaintiff's pain testimony and rejected it as inconsistent with his stated activities. Tr. 19. *See also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)(daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration); *Smolen,* 80 F.3d at 1284 (same). Specifically, the ALJ found Plaintiff's subjective

symptom testimony was inconsistent with evidence in the record that Plaintiff had lifted a couch, moved furniture for friends, and performed yard work.  Tr. 36, 46, 292.  Moreover, despite Plaintiff's claim that his back spasms began in 2005, Plaintiff testified he, nevertheless, worked as an outdoor maintenance man through February 2009 before he quit for health reasons.  Tr. 36. The ALJ concluded this evidence showed Plaintiff was capable of "strenuous activity" and, therefore, contradicted Plaintiff's subjective symptom testimony regarding his pain and physical limitations.  Tr. 19.

Plaintiff contests this finding and argues the record does not support Plaintiff's ability to perform "strenuous activity," but instead reflects his inability to lift heavy objects and to perform physical labor.  The Court rejects this argument. Treatment records reveal Plaintiff made attempts at lifting and complained about worsening symptoms only *after* he helped "move things."  Tr. 292.  In November 2009 Plaintiff told his treating doctor that he had "been chopping wood and hasn't slowed down a bit" despite having bronchitis.  Tr. 289.  Thus, the record provides a basis for the ALJ's inference that Plaintiff performed strenuous physical activity after his alleged onset date, which contradicts his subjective symptom testimony.  Tr. 19.  To the extent that Plaintiff provides an alternative to the ALJ's rational interpretation of the evidence, the Court must uphold

the ALJ's decision.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)(when the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld).  *See also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(varying interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and a court may not substitute its judgment for that of the Commissioner).

The ALJ also considered evidence from the medical record when he evaluated Plaintiff's credibility.  *See Smolen*, 80 F.3d at 1284-85.  For example, the ALJ credited examining psychologist Dr. Ronald Duvall's opinion that Plaintiff's responses during a psychological examination were slanted and evasive.  Tr. 20, 226. Dr. Duvall also noted that despite Plaintiff's initial posturing and complaints of pain, at "multiple times when Mr. Brundidge appeared emotionally engaged in the interview, he would relax his body and would lean back normally with his arms on the back of the couch, or would sit forward with his elbows on his knees, completely at ease."  Tr. 226.  Using ordinary techniques of credibility evaluation, the ALJ reasonably inferred Plaintiff exaggerated the degree of his pain and limitations and, therefore, was less than credible.  *Smolen*, 80 F.3d at 1284.

The ALJ also considered evidence that Plaintiff failed to consistently pursue treatment.  *See Burch*, 400 F.3d at 681

(failure to pursue consistent treatment is a reason to discount a claimant's credibility).  Evidence in the record revealed Plaintiff did not seek treatment for his psychological impairments, that he stopped taking his prescribed Lithium on the advice of a friend, that he failed to take his prescribed Seroquel, and that he did not have "the time or inclination to refill" *any* prescribed medications, which included medications for pain management.  Tr. 20, 222, 224, 289, 306.  This evidence conflicts with the alleged severity of Plaintiff's subjective symptoms because a claimant who suffers from disabling pain could reasonably be expected to refill symptom-ameliorating medications.  Thus, the ALJ reasonably concluded Plaintiff's testimony regarding his subjective symptoms and physical limitations was not credible.  *See Smolen*, 80 F.3d at 1284 (an ALJ may consider ordinary techniques of credibility evaluation such as "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.").

On this record the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible as to the intensity, persistence, and limiting effects of his condition.  Although Plaintiff alleges further errors in the ALJ's credibility determination, the Court finds any error was harmless because the ALJ otherwise provided clear and convincing

reasons for rejecting Plaintiff's testimony.  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008)(a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain).  The Court, therefore, concludes the ALJ properly rejected Plaintiff's testimony.

**II.  The ALJ provided germane reasons for rejecting the testimony of Victoria Bassingthwaite, PAC.**

Plaintiff next argues the ALJ improperly rejected the opinion of PAC Bassingthwaite, a physician's assistant.  Under the Social Security Regulations, a physician's assistant is classified as an "other" medical source.  20 C.F.R. § 416.913(d)(1).  The ALJ may discount testimony from other sources if the ALJ "gives reasons germane to each witness for doing so." *Molina,* 674 F.3d at 1111 (9th Cir. 2012).  *See also Turner v. Comm'r*, 613 F.3d 1217, 1224 (9th Cir. 2010).  Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence, and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 Fed. App'x 866 (9th Cir. 2012).  In general the more consistent an

opinion is with the record as a whole, the more weight will be
given to that opinion.  20 C.F.R. § 416.927(c)(4).

PAC Bassingthwaite treated Plaintiff at the Samaritan Toledo
Clinic from February 2009 through June 2010. Tr. 279-310.
PAC Bassingthwaite treated Plaintiff for chest pain, bipolar
disorder, degenerative disc disease, neoplasm of the skin,
dyspnea, abdominal pain, hypertension, and back pain. *Id*.  She
prescribed Oxycodone, Meoclopramide, Linopril, Seroquel,
Tisanidine, Diazepam, and Percocet to treat Plaintiff's symptoms.
Tr. 209, 231, 292, 306.  She also prescribed a neck brace and a
four-point cane. *Id.*  On June 22, 2010, PAC Bassingthwaite
opined Plaintiff is disabled.  Tr. 321.

The ALJ gave careful consideration to PAC Bassingthwaite's
treatment records, but ultimately the ALJ rejected her conclusion
that Plaintiff is disabled.  Tr. 18, 22.  PAC Bassingthwaite's
opinion conflicted with evidence in the record of Plaintiff's
physical abilities, including evidence indicating Plaintiff
lifted furniture, performed yard work, and chopped wood after his
alleged onset date.  Tr. 19. *See Petrauskas v. Comm'r*, 414 Fed.
App'x 7 (9th Cir. 2010)(germane reasons for discrediting a
witness's testimony included treatment notes describing a
claimant's daily activities when they conflicted with the
witness's testimony).  The Court, therefore, finds the ALJ

15 - OPINION AND ORDER

provided a germane reason for rejecting PAC Bassingthwaite's
testimony.

The ALJ also provided legally sufficient reasons for
rejecting PAC Bassingthwaite's opinion to the extent that it
mirrors Plaintiff's subjective symptom testimony.  As noted, the
Court has found the ALJ provided clear and convincing reasons
supported by substantial evidence in the record for rejecting
Plaintiff's testimony.  Specifically, the ALJ concluded
Plaintiff's statements were undermined by his activities of daily
living and the medical evidence in the record.  Thus, it follows
that the ALJ did not err when he discredited PAC Bassingthwaite's
testimony for those same reasons.  *See Valentine v. Comm'r Soc.
Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).  *See also Khal v.
Astrue*, No. 3:11-cv-01482-AA, 2013 WL 876290, at *6 (D. Or. Mar.
6, 2013)("[T]he ALJ's well-supported reasons for rejecting the
claimant's testimony apply equally well to lay testimony.").
Accordingly, the Court upholds the ALJ's decision as to this
issue.

Plaintiff argues PAC Bassingthwaite is an "acceptable
medical source" because she was supervised by Dr. Tavis Cowan,
Tr. 274.  In the Ninth Circuit a physician's assistant may
qualify as an "acceptable medical source" by working "closely
under the supervision" of a doctor to the extent that she is

"acting as an agent" of the doctor.  *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).  The extent of Dr. Cowan's supervision appears as his signature on a single treatment note signed by PAC Bassingthwaite.  Tr. 274.  This level of involvement is not sufficient to satisfy the supervision requirement.  *See Molina,* 674 F.3d at 1111-12.  *See also Bain v. Astrue*, 319 Fed. App'x 543 (9th Cir. 2009)(the ALJ need only provide germane reasons for discrediting the opinion of a nurse practitioner even though she consulted with a doctor every two weeks and participated in a peer-supervision group with the doctor, which was not sufficient to meet the supervision requirement to be considered as an "acceptable medical source").  The Court, therefore, rejects Plaintiff's contention that PAC Bassingthwaite is an acceptable medical source.

On this record the Court concludes the ALJ satisfied the legal standard for rejecting PAC Bassignthwaite's opinion.

**III. The ALJ provided germane reasons for rejecting the lay testimony of Tonita Brundidge.**

Plaintiff contends the ALJ improperly dismissed the lay testimony of Plaintiff's wife, Tonita Brundidge.  The ALJ must consider lay-witness testimony.  20 C.F.R. § 404.1513(d).  *See also Molina*, 674 F.3d at 1114.  The ALJ must provide "germane reasons" when rejecting lay testimony.  *Id.*  The ALJ, however, is

17 - OPINION AND ORDER

not required to address each witness "on an individualized witness-by-witness basis" and may reject lay testimony predicated on reports of a claimant properly found not credible. *Id*.

Tonita Brundidge testified Plaintiff is often on the floor when she comes home from work, and he needs help getting dressed and getting in and out of the shower. Tr. 58-59. She also testified Plaintiff experiences "bipolar incidents" in the form of extreme mood swings, is unable to drive, is limited to walking up to two blocks, and has physical limitations within his home. Tr. 139-44. On April 10, 2009, Tonita Brundidge completed a Function Report in which she stated Plaintiff has difficulty concentrating and completing tasks, but does not have any problems understanding and following instructions. Tr. 144.

The ALJ credited some of Tonita Brundidge's testimony, but rejected her lay diagnosis of bipolar disorder as well as her testimony regarding the extent of Plaintiff's physical limitations. Tr. 19. The Court concludes the ALJ had germane reasons supported by substantial evidence in the record for rejecting this testimony.

First, Tonita Brundidge's testimony regarding Plaintiff's bipolar disorder was contradicted by medical evidence in the record. Inconsistency with medical evidence is a germane reason sufficient to discredit lay-witness testimony. *Bayliss*, 427 F.3d

at 1218.  Moreover, the ALJ may reject lay testimony if he
provides "arguably germane reasons" supported by substantial
evidence in the record even if those reasons are not clearly
linked to the ALJ's determination.  *Lewis v. Apfel*, 236 F.3d 503,
512 (9th Cir. 2001).  As the ALJ noted, Dr. Duvall performed a
consultative examination of Plaintiff and opined Plaintiff does
not suffer from bipolar disorder.  Tr. 229.  On this record the
Court concludes the ALJ thus provided a germane reason for
rejecting Tonita Brundidge's testimony regarding Plaintiff's
mental condition.

       In addition, Tonita Brundidge's testimony regarding
Plaintiff's physical limitations was substantially similar to
Plaintiff's own description of his limitations.  Because the ALJ
properly rejected Plaintiff's statements regarding his subjective
symptoms, Tonita Brundidge's statements would not introduce any
additional functional limitations than those already incorporated
into the ALJ's evaluation of Plaintiff's RFC.  *See Burch*, 400
F.3d at 683.  On this record, therefore, the Court finds any
error in rejecting Tonita's Brundidge's lay testimony regarding
Plaintiff's physical limitations was harmless.  *See Lewis*, 498
F.3d at 911.  *See also Molina*, 674 F.3d at 1117 (the ALJ's error
in failing to consider lay testimony was harmless when the
testimony did not describe any limitations beyond those described

19 - OPINION AND ORDER

by the claimant, and the ALJ had validly rejected all the limitations described by the lay witnesses).

**IV.  The ALJ properly found Plaintiff does not meet Listing 1.04.**

Plaintiff alleges the ALJ erred when he failed to find that Plaintiff meets or equals Listing 1.04.  42 U.S.C. § 423(d)(2)(C) requires "the combined effect of all of the individual's impairments" be considered "without regard to whether any such impairment, if considered separately," would be sufficiently severe to meet a Listing.  *See also Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)(when claimant presented evidence that the combination of impairments established medical equivalence, ALJ's finding that "claimant has failed to provide evidence of medically determinable impairments that meet or equal the Listings" was insufficient without more to show that the ALJ actually considered equivalence); SSR 83-19, at 91.  The ALJ is not, however, required "to state why a claimant failed to satisfy every different section of the listing of impairments."  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990)(an ALJ's four-page "evaluation of the evidence" was an adequate statement of the "foundation on which the ultimate factual conclusions are based").

20 - OPINION AND ORDER

To be presumptively disabled under Listing 1.04, Plaintiff must prove a disorder of the spine resulting in compromise of a nerve root or the spinal cord with:

> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with   associated muscle weakness or muscle weakness)   accompanied by sensory or reflex loss and, if there is   involvement of the lower back, positive straight-leg  raising test (sitting and supine);
> or . . . .
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively . . . .

20 C.F.R. § 404, Subpart P, Appendix 1.

Plaintiff contends he meets or equals Listing 1.04 because he established nerve-root compromise by diagnostic imagery, difficulty with ambulation, limited motion of the spine, atrophy, weakness, spondylosis with an inability to ambulate effectively, and positive straight-leg raise.  Tr. 184-88, 190, 215, 232-34, 277, 303, 321.  Plaintiff asserts the ALJ "failed to consider whether the medical evidence established that plaintiff met or medically equalled listing 1.04."

Contrary to Plaintiff's assertion, however, the ALJ considered Plaintiff's condition with respect to Listing 1.04 and found Plaintiff failed to meet his burden to establish "the type and intensity of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis necessary to meet or equal this listing."

21 - OPINION AND ORDER

Tr. 15.  Beyond citing a list of impairments, Plaintiff does not explain how he meets the criteria for Listing 1.04.[4]  When Plaintiff has not offered a plausible theory as to how his combined impairments meet or are medically equivalent to the criteria for a listed impairment, the Court will not find the ALJ's listing analysis was in error.  *Lewis*, 236 F.3d at 514. The Court, therefore, concludes the ALJ did not err when he found there was not any evidence in the record that Plaintiff meets or equals Listing 1.04.

**V.    The ALJ's RFC assessment was free of legal error.**

Plaintiff contends the ALJ erred by omitting from his evaluation of his RFC Plaintiff's subjective complaints and the limitations identified by PAC Bassingthwaite and Tonita Brundidge and, therefore, posed a deficient hypothetical to the VE.

The ALJ is not required to include in his evaluation of Plaintiff's RFC evidence that has been properly discounted. *Batson*, 359 F.3d at 1197 (9th Cir. 2004).  *See also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-66 (9th Cir. 2001)(restrictions not supported by substantial evidence in the record may freely be accepted or rejected by the ALJ).

---

[4] Although Plaintiff alleges several impairments that appear within the criteria for Listing 1.04 A and C, he does not provide a list that exhaustively satisfies either A or C.

The Court on this record concludes the ALJ's evaluation of the medical evidence, lay-witness testimony, Plaintiff's testimony, and Plaintiff's RFC were legally sufficient and supported by substantial evidence in the record.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.


/s/ Anna J. Brown


_____
ANNA J. BROWN
United States District Judge

23 - OPINION AND ORDER